**CALIFORNIA HOUSING SECURITIES, INC., a California corporation, Plaintiff–Appellant,**

v.

**FEDERAL DEPOSIT INSURANCE CORPORATION, In its Corporate Capacity as successor to the Resolution Trust Corporation as receiver for Saratoga Federal Savings & Loan Association, Intervenor–Appellee.**

No. 99–71084.

D.C. No. CV–95–20410–RMW.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 16, 2001.

Decided June 13, 2001.

---

** Honorable Milton I. Shadur, Senior United States District Judge for the Northern District of Illinois.

Before O'SCANNLAIN, TASHIMA, and THOMAS, Circuit Judges.

MEMORANDUM *

California Housing Securities, Inc. ("CHS") appeals an order of the district court granting summary judgment in favor of the Federal Deposit Insurance Corporation ("FDIC"). The district court concluded that the FDIC, as successor to the Resolution Trust Corporation as receiver for Saratoga Savings and Loan Association ("Saratoga"), was entitled to a federal income tax refund that CHS sought from the Internal Revenue Service. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

CHS has presented no evidence to contradict the undisputed evidence that Saratoga performed the loan servicing operations and recorded the income and loss on its books.[1] CHS's statements on its tax returns, attributing the income and loss to Saratoga, constitute further evidence that Saratoga earned the income and suffered the loss that generated the tax refund. CHS has failed to cite any law in support of its argument that the income and loss should be reallocated from Saratoga to itself, and its declaration, stating that it is entitled to the refund when the income is reallocated, merely begs the question.[2] "Absent any differing agreement . . . a tax refund resulting solely from offsetting the losses of one member of a consolidated

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir. R. 36–3.

1. Because the parties are familiar with the complicated facts of this case, we do not recite them here.

2. The Federal Home Loan Bank Board letter on which CHS relies to support its claim that it actually owned the loan servicing rights did not undo the deal, but rather stated that its conditional approval was "not effective as to any *additional* payments to CHS contemplated by Saratoga." Excerpts of Record 241 (emphasis added).

filing group against the income of that same member in a prior or subsequent year should inure to the benefit of that member." *Western Dealer Mgmt., Inc. v. England (In re Bob Richards Chrysler–Plymouth Corp.),* 473 F.2d 262, 265 (9th Cir.1973). For the foregoing reasons, the order of the district court granting summary judgment in favor of the FDIC is

AFFIRMED.

---

\* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.